In the Matter of the Claim of SADIE GOLD, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Argued April 14, 1954; decided June 4, 1954.

*Samuel Harris Cohen* and *Dorothy Friedman* for appellant. I. An employee may not be penalized for failure to file a declaration of gratuities where the employer is required to first notify her of her right to file such declaration and the employer fails to give such notice. (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Federal Tel. & Radio Corp.* [*Corsi*], 301 N. Y. 95; *Isaac* v. *Town of Queensbury,* 247 App. Div. 263, 277 N. Y. 37; *Baldwin* v. *Hegeman Farms Corp.,* 154 Misc. 285.) II. Rule 6 is unreasonable and arbitrary in presuming that where claimant does not file a declaration, her tips are nil, where similar rules provide for certain minimum tips in regard to other categories of employees.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* and *Wendell P. Brown* of counsel), for Edward Corsi, Industrial Commissioner, respondent. I. The commissioner promulgated rule 6 in accordance with legislative authority. (*Matter of Childs Co. [Murphy]*, 270 App. Div. 460, 296 N. Y. 948; *Matter of Feinberg*, 258 App. Div. 834; *Matter of Model Taxi Corp.*, 263 App. Div. 776, 263 App. Div. 924, 287 N. Y. 854.) II. Rule 6 is not arbitrary or capricious. III. Failure of the employer to give notice of the rule to this claimant and of the privilege to certify the amount of gratuities received by her does not invalidate the rule. (*People ex rel. New York & N. J. Tel. Co.* v. *Neff*, 15 App. Div. 8, 156 N. Y. 701; *City of New York* v. *Ferris*, 91 App. Div. 223; *People ex rel. Seelye* v. *Keefe*, 119 App. Div. 713, 190 N. Y. 555; *Gale* v. *Mead*, 2 Denio 160; *Harman* v. *Board of Educ. of City of N. Y.*, 196 Misc. 287.)

FROESSEL, J. The question presented to us in this case is whether the Industrial Commissioner, in computing claimant's unemployment benefits under article 18 of the Labor Law, should have credited her with $400 in gratuities concededly earned.

From May 18 to October 11, 1948, claimant was employed as a chambermaid at an Ulster County hotel which, like most of the numerous hotels in that county and adjoining Sullivan County, operates on the " American plan ". In these American plan hotels, it is customary for guests to tip chambermaids. Claimant's compensation for caring for twenty-eight rooms, seven days a week, during the period in question, consisted of $75 dollars a month paid by her employer, room and board furnished by him, and tips from guests which aggregated $400.

Under section 517 of the Labor Law, gratuities are deemed to be part of the " remuneration " paid an employee by his employer. Moreover, that section places upon the *commissioner* the *duty* to determine the amount of such gratuities. The pertinent language is as follows (subd. 1): " Where gratuities are received by the employee in the course of his employment from a person other than his employer, *the value of such gratuities shall be determined by the commissioner* and be deemed and included as part of his remuneration paid by his employer." (Emphasis supplied.)

The method adopted by the commissioner for determining the amount of chambermaids' tips is set forth in his rule 6, promulgated pursuant to power allegedly granted him by subdivision 1 of section 530 of the Labor Law. This rule, so far as it applies to this case, provides (subd. b) that the value of gratuities received by a chambermaid shall be equal to the amount certified by her in a signed statement to her employer, and, if no such statement has been submitted, such gratuities shall be deemed to be "nil". Subdivision d of the same rule further provides that employers " shall give notice to each of their hotel service employees " of this " privilege ", and of the consequences for failing to submit such statement. It is undisputed that claimant's employer did not so notify her, thus avoiding payment of the tax thereon, and that she knew nothing about this rule.

When she applied for unemployment benefits in October, 1949, the referee determined that such gratuities may not be included as remuneration. The Unemployment Insurance Appeal Board reversed the referee, and was in turn reversed by the Appellate Division, which reinstated the referee's decision.

We are of the opinion that, in computing claimant's unemployment benefits, the Industrial Commissioner should have credited her with the $400 in gratuities. It is the commissioner's statutory duty to determine the value of an employee's gratuities (Labor Law, § 517). He has attempted to carry out this duty by promulgating rule 6. While this rule may be reasonable in the case of European plan hotels, where it is agreed gratuities are nil or very meager, and in which the majority of hotel chambermaids throughout the State are employed, there is no rational basis for presuming to be " nil " gratuities of the large number of chambermaids who work in American plan hotels, and whose earnings of that character are substantial. If the operation of this presumption is to reduce substantially a claimant's statutory unemployment benefits, simple fairness requires that she have the notice *prescribed by the commissioner* of her opportunity to declare gratuities and of the consequences for failing to do so. Otherwise, application of the rule may result in an unreasonable, arbitrary and capricious determination by the commissioner of the total amount of claimant's remunera-

tion — indeed in no determination at all. This would be in violation of the statute (§ 517), and in contravention of the authority given him by subdivision 1 of section 530 to make rules " to administer " the statute, not to disregard it (*Matter of Federal Tel. & Radio Corp. [Corsi]*, 301 N. Y. 95, 99).

The commissioner's argument that the notice requirement in paragraph d of rule 6 was " merely a suggestion " is without force, and his duty to determine the value of gratuities cannot be so easily satisfied. Under his own rule, it is only after the employee himself has been notified that the presumption may reasonably be invoked, and he has not met the fundamental demands of fairness by merely attempting to impose upon employers the duty of giving notice. This is especially so when one considers that the employer has a positive financial interest in neglecting to perform that duty. The employer gains when his employees fail to declare their gratuities, because, under the statute, it is he who is required to pay the additional payroll tax on whatever gratuities are declared. Moreover, it is the commissioner's duty to see that this tax is paid (Labor Law, §§ 570-573).

Thus, since claimant did not receive the notice prescribed by the commissioner in his own rule 6 (subd. d) that she must either declare her tips or forfeit unemployment benefits based thereon, the commissioner could not reasonably take advantage of his rule 6 presumption and deprive her of those benefits, in the face of his mandatory statutory duty under section 517.

The order of the Appellate Division should be reversed, and the determination of the Unemployment Insurance Appeal Board reinstated, with costs.

Lewis, Ch. J., Conway, Desmond, Dye and Fuld, JJ., concur; Van Voorhis, J., dissents and votes for affirmance.

Order reversed, etc.