HON. PETER B. EDELMAN Director, Division for Youth
This is in reply to your letter of June 15, 1977, requesting my opinion as to whether the Division for Youth (hereinafter "the Division"), in pursuance of its responsibility to reimburse local governments for a portion of the costs of operating juvenile detention facilities, may require those local agencies to limit or reduce staff or expenditures or may withhold reimbursement for costs believed to be excessive.
Executive Law, § 530(2) requires State reimbursement of local social services districts for 100% of the expenditures made by such districts for the care, maintenance and supervision of those youths who are state charges and are in detention facilities certified pursuant to section724 of the Family Court Act, and for 50% of the expenditures for local charges where the counties conform to County Law, §218-a(B). The only specific statutory control over reimbursed costs is that found in subdivision 4 of section 530 which requires a report of state aid received from other State agencies and a limit of the aggregate amount of reimbursement to 50% of operating costs, exclusive of Federal aid.
Section 724 of the Family Court Act merely provides for detention of juveniles in places certified for detention by the rules of the Court. It provides no guidance relative to the powers of the Division relative to cost reimbursements.
Subdivision B of section 218-a of the County Law requires boards of supervisors to provide for "adequate" non-secure detention facilities, certified by the Division, to be operated in compliance with the rules of the State Board of Social Welfare (hereinafter "the Board") and regulations of the Division. Subdivision A of that section refers to "proper and adequate" detention care, as defined in section 510-a of the Executive Law and the regulations of the Division. Paragraph 1 of that subdivision also refers to rules of the Board and regulations of the Division.
Section 510-a of the Executive Law authorizes the Division to assure the provisions of "adequate, suitable and conveniently accessible accommodations and proper care". Each detention facility is to be established, operated and maintained in compliance with the rules of the Board and regulations of the Division. The Division's power is specifically limited to the extent that its regulations may not be inconsistent with those of the Board. The Division is made responsible for inspections of certified detention facilities and reports as to their "operation and adequacy" and the need for such facilities. Those reports are to be made to the county executive, county legislature, Family Court judges and Office of Court Administration, indicating that action on the findings in the reports would be within the jurisdiction of those bodies.
Social Services Law, § 408-a authorizes social services districts to operate detention facilities in compliance with rules of the Board and regulations of the Division.
The statute provisions above cited confer power upon the Division and the Board to assure that detention facilities are adequate and convenient, that is, that they meet minimal standards both in terms of the facility itself and the services provided. Those provisions do not, however, confer any specific power upon either agency to control expenditures above minimum requirements or to limit reimbursement to minimal costs of operation.
As a general rule, administrative agencies have rule-making power only to implement a statute as it exists, and cannot adopt rules which are in excess of the rule-making authority conferred by the statute (see, e.g.,Manhattan Co. v. Commissioner, 297 U.S. 129; Miller v. United States,294 U.S. 435; Matter of Gold v. Corsi, 307 N.Y. 224). In determining whether rules are in conflict with the statute, the courts generally give substantial weight to the interpretation of its statutory authority by the administrative agency (Howard v. Wyman, 28 N.Y.2d 434).
In this case both the Board and the Division have adopted regulations under the authority of the above-cited statutes (9 NYCRR, Part 176; 18 NYCRR, Part 9). While the rules of the Board deal at length with the details of the facilities and standards of care, the regulations heretofore adopted by the Division deal only with the types of expenditures eligible for reimbursement and the mechanics and procedures for reimbursement. The past construction by the Division of its own regulatory power has not included regulations relating to maximum permitted facilities, personnel or programs. Such regulations would be required in order to limit maximum reimbursement.
Consequently, I am constrained to conclude that the Division for Youth does not have the power to adopt rules and regulations fixing maximum amounts of expenditures by local agencies which will be eligible for reimbursement. While certification and, consequently, reimbursement can be withheld from a facility which does not meet minimum standards, the Legislature has not conferred upon the Division the power to require program reductions where expenditures exceed needs and without such authority, the Division is not empowered to adopt such regulations.