[Cite as *State v. Caldwell*, 2018-Ohio-3370.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106456

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CAMERON CALDWELL**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613897-A

**BEFORE:** Boyle, J., E.A. Gallagher, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 23, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Brandon Piteo
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1}   Defendant-appellant, Cameron Caldwell, appeals his sentence.   He raises one assignment of error for our review:

> In the absence of a notice of prior conviction in the indictment, the two-year prison term for the base offense in count one is not mandatory time.

{¶2}   Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶3}   In February 2017, Caldwell was indicted on nine counts, including one count of aggravated burglary, three counts of aggravated robbery, three counts of kidnapping, one count of receiving stolen property, and one count of having a weapon while under disability.   Many of the counts contained one- and three-year firearm specifications.   The charges arose after

Caldwell and two accomplices entered the home of T.S. without T.S.'s permission when T.S. and her two minor children were present. Caldwell possessed two firearms during the incident and pointed a gun at all three victims.

{¶4} In October 2017, Caldwell pleaded guilty to an amended indictment of one count of second-degree felony burglary in violation of R.C. 2911.12(A)(1) with a three-year firearm specification, one count of third-degree felony abduction in violation of R.C. 2905.02(A)(2), one count of third-degree felony having weapons while under disability in violation of R.C. 2923.13(A)(2) with forfeiture specifications, and one count of fourth-degree felony receiving stolen property in violation of R.C. 2913.51(A).

{¶5} At the plea hearing, the state placed the plea offer on the record. The state told the court that it was the same offer that it had placed on the record at an earlier plea hearing "with the addition of an agreed recommended sentence * * * of five years." After reviewing each of the offenses that Caldwell was pleading guilty to, the state told the court, "And again, your Honor, this comes with an agreement to recommend to this court the five-year minimum sentence, which this plea would be subject to."

{¶6} The court stated to defense counsel, "you've heard the terms, including the new term, the agreed recommended sentence of five years. Is that your understanding of the proposed plea in the case?" Defense counsel and Caldwell responded that it was.

{¶7} The court then stated:

I don't need to go over what we've already talked about, because that's been agreed to. The change is what we do need to have a discussion about, the agreed recommended sentence of five years. When the two parties agree, as has occurred in this case, and they recommend to me a particular sentence within the guidelines permitted by that sentence, which this is, I have three choices — probably two apply in this case. But I can accept the agreement, I cannot accept the agreement and impose what I think is the appropriate steps, so long as it is within the guidelines. And that could either be in this case more than five years,

subject to the restrictions placed by the legislature, and this is a minimum, so I can't go below that. If this number were in between, I could go below, accept what is in the middle or the high portion. This one is the minimum, so my choice would either be to accept this one, to impose a sentence greater than five, but within the permitted sentencing guidelines and restriction.

That's what it means to have a recommended sentence. Now, some courts will automatically — some judges on this bench will automatically accept that, if it's recommended. That's not my position. I'll listen to all the information, and if I think that is the appropriate sentence, then I will impose that.

What I do recognize is that each of you, the State and defense have spent a great deal of time getting prepared for this trial. You know the facts and circumstances of this case, and in this situation, better than I do at this point in time, because I haven't heard that. I know generally what it's about. And so if the parties agree to a recommended sentence, it means something to me because each of them has a good understanding of the case. Each of you are coming at this from very different perspectives, and if you can agree that this is the recommended sentence, then that takes into account each side's position to some degree or another. And based off all the information that each of you have, you think this is a fair and just result, and each I assume compromised to get to that point. And so with that understanding, I give the weight — I give the recommendation some weight because of that circumstance, but I will not necessarily agree to it until I hear all of the information with regard to sentencing.

So my choices are to accept the recommended sentence or to impose one that I think is the more appropriate sentence, and in this case, since the minimum is proposed, it would be excess of the minimum, but within the permitted time — within the permitted guidelines set by the Ohio legislature.

{¶8} The court asked Caldwell if he understood its sentencing options, to which he replied that he did and said that he wished to go forward with his plea.

{¶9} After reviewing the maximum penalty he could face for each offense, the court asked the state if the burglary count carried mandatory prison time or just a presumption of prison. The state replied that it was mandatory prison time. Defense counsel agreed based on the firearm specification. The state disagreed with defense counsel, explaining that the felony-2

burglary carried a mandatory prison requirement "based on [a] prior conviction" in CR-11-555595 that was "actually on the indictment."[1]   The prosecutor told the court that

> [t]he defendant was convicted in 2011 of a felony of the second degree robbery with a notice of prior conviction on that case.   I think it's subject to that prior conviction and that prior history, the underlying offense is a mandatory two years as it relates to the first amended count.

Defense counsel then agreed with the state after its explanation.

{¶10} The trial court responded that its chart indicated it was mandatory as well.   The court explained to Caldwell that his burglary offense carried mandatory prison rather than a presumption of prison because of his prior conviction of a second-degree felony.   The court then told Caldwell that there was "no possibility of probation in this case" for the second-degree burglary offense and, thus, he would face a minimum of two years in prison for the burglary plus three years for the firearm specification.   The court then said, "It's the same five years that's under discussion for the plea."

{¶11} At the sentencing hearing, the court heard from the state, the victim (the mother of the two children who were in the home), defense counsel, and Caldwell.

{¶12} Defense counsel requested the court to consider "how hard we worked to get the recommended sentence by the government."

{¶13} The trial court stated that it considered all of the statutory sentencing requirements and decided to follow the recommended total sentence of five years in prison; three years for the firearm specification to be served prior to and consecutive to two years for the burglary offense. It further sentenced him to 24 months for abduction, 24 months for having weapons while under

---

[1]The prior conviction was in the indictment but not attached to the burglary offense as part of a notice of prior conviction specification.   It was included in the summary explanation for the weapons-disability count.

disability, and 18 months for receiving stolen property, all to be served concurrent to each other and concurrent to burglary, for an aggregate sentence of five years in prison.

{¶14} The trial court further stated at the end of the sentencing hearing:

> I realize that neither side of this case would appeal that issue because of the agreed sentence[.] * * * So in any event, the total effect was five years. And the fact that they are mandatory five years, based on your prior history, Mr. Caldwell, means not only were you not eligible for probation on the felonies — Felony 2s, but with the firearm specification it really is kind of academic. But what it really means is that you're not eligible for judicial release, because you can't get judicial release on mandatory time. So you will serve the full five-year term, with no opportunity for release.

{¶15} The trial court also notified Caldwell that he would be subject to three years of mandatory postrelease control upon his release from prison and imposed costs. Caldwell appeals from his sentencing judgment.

**II. Ability to Appeal Sentence**

{¶16} At the outset, we first must determine if Caldwell is permitted to appeal his five-year sentence. R.C. 2953.08(D)(1) provides an exception to the defendant's ability to appeal:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶17} In other words, a sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

**{¶18}** In this appeal, Caldwell is only challenging the portion of the trial court's sentence that ordered "mandatory two years on the base charge" of second-degree felony robbery. He seeks a "remedy" that is "simple," namely, that "[t]he case * * * be remanded for the sentencing journal entry to be amended to reflect that the prison term on the base offense is non-mandatory." Therefore, we must determine if Caldwell's "mandatory two years" on the base charge of burglary is "authorized by law." If it is, Caldwell cannot appeal his sentence.

**{¶19}** In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Ohio Supreme Court held that "[a] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *Id.* at paragraph two of the syllabus. One of those mandatory provisions is R.C. 2929.13(F)(6), the statute at issue in this case.

**{¶20}** R.C. 2929.13(F)(6) states that prison is mandatory for a first- or second-degree felony "if the offender previously was convicted of or pleaded guilty to aggravated murder, murder, [or] any first or second degree felony[.]"

**{¶21}** Caldwell argues that because the indictment did not include a notice of prior conviction specification, the two-year sentence on the base charge of burglary did not require mandatory prison time as indicated by the trial court, the state, and defense counsel. He maintains that this distinction is critical because if it is mandatory time, judicial release is not available to him.

**{¶22}** R.C. 2941.11 states:

> Whenever it is necessary to allege a prior conviction of the accused in an indictment or information, it is sufficient to allege that the accused was, at a certain stated time, in a certain stated court, convicted of a certain stated offense, giving the name of the offense, or stating the substantial elements thereof.

{¶23} In this case, Caldwell's prior felony specification is not an element of his offense. Rather, his prior conviction is relevant only for imposing sentence. *See State v. Allen*, 29 Ohio St.3d 53, 506 N.E.2d 199 (1987) (holding that where a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense and need not be alleged in the indictment). Thus, the notice of prior conviction specification was not necessary.

{¶24} Caldwell argues, however, that the holding in *Allen* is no longer good law in light of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In *Ring*, the United States Supreme Court repeated its holding that "[i]f a state makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact — no matter how the state labels it — must be found by a jury beyond a reasonable doubt." *Id*. at 602, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As Justice Scalia noted in his *Ring* concurrence:

> I believe that the fundamental meaning of the jury-trial guarantee of the Sixth Amendment is that all facts essential to imposition of the level of punishment that the defendant receives — whether the statute calls them elements of the offense, sentencing factors, or Mary Jane — must be found by the jury beyond a reasonable doubt.

*Id*. at 610 (Scalia, J., concurring).

{¶25} Here, however, without deciding whether *Ring* overruled *Allen*, even if we were to accept Caldwell's argument that the state had to prove his prior conviction beyond a reasonable doubt, it would not change the outcome of this case because Caldwell also pleaded guilty to having a weapon while under disability. The indictment against him for this offense stated that he was

> under indictment for or has been convicted of any felony offense of violence, to wit: the said Cameron Caldwell, with counsel, on or about the 6th day of

February, 2012, in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-555595, having been indicted for or convicted of the crime of Robbery with Notice of Prior Conviction Specification, in violation of Revised Code Section 2911.02 of the State of Ohio.

**{¶26}** Although this summation does not include the degree of felony for the prior robbery conviction, the trial court, state, and defense counsel all agreed at the plea hearing that his prior conviction was a second-degree felony robbery.

**{¶27}** Accordingly, we disagree with Caldwell that the notice of prior conviction specification was required in this case to impose mandatory prison time. We further disagree with Caldwell that *Ring* helps his case because he pleaded guilty to having a weapon while under disability, which had his prior conviction in it. Thus, Caldwell's sentence is not contrary to law and, therefore, not appealable.

**{¶28}** Caldwell's sole assignment of error is overruled.

**{¶29}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
TIM McCORMACK, J., CONCUR