[Cite as *Silver v. State*, 2022-Ohio-1848.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TERRELL SILVER,                           :

    Relator,                           :

                                           No. 111557

    v.                                :

STATE OF OHIO,                            :

    Respondent.                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** June 1, 2022

---

Writ of Mandamus
Order No. 555338

---

### *Appearances:*

Terrell Silver, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, *for respondent.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} On May 27, 2022, the relator, Terrell Silver, commenced this mandamus action against the respondent, the state of Ohio, to dismiss his two underlying cases, *State v. Silver*, Cuyahoga C. P. Nos. CR-21-662895-A ("Case One") and CR-21-663017-A ("Case Two"). He argues that the common pleas court lacked

jurisdiction over the cases because the initial complaint was insufficient. For the following reasons, this court dismisses the petition for a writ of mandamus.

{¶ 2} On May 9, 2022, in Case One, Silver pleaded guilty to attempted robbery with a one-year firearm specification and having weapons while under disability. The trial court sentenced him to one year on the firearm specification consecutive to 24 months on attempted robbery and 24 months for the weapons charge. In Case Two, Silver pleaded guilty to attempted robbery and was sentenced to 18 months on that charge. The court ordered the three counts to be served concurrently. The court also denied Silver's motion to withdraw his guilty plea.

{¶ 3} Silver argues that in Case One, the police report, upon which the arrest and search warrants were based, was defective because it did not explain how the police came to believe that Silver had committed the alleged crimes. He further asserts that it was prepared after he was arrested. Thus, there was not probable cause to charge him or obtain any evidence. Furthermore, the trial judge denied his motion to withdraw his guilty plea despite Silver arguing the defective complaint. Silver argues this was a denial of his rights to due process and equal protection and deprived the trial court of jurisdiction.

{¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Daggett*

*v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973), and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977), and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶ 5} In the present case, appeal or a delayed appeal are adequate remedies at law that preclude the writ of mandamus. *State ex rel. Sands v. Court of Common Pleas*, 155 Ohio St.3d 238, 2018-Ohio-4245, 120 N.E.2d 799. Mandamus may not be used to challenge a defective indictment. *State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607. It cannot be used to challenge the sufficiency of the evidence. *State ex rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, 26 N.E.3d 810, and *Thorne v. State*, 8th Dist. Cuyahoga No. 85024, 2004-Ohio-6288. The court further notes that Silver has 30 days from May 9, 2022, in which to appeal as a matter of right and that the trial court appointed the public defender as appellate counsel.

{¶ 6} Moreover, the grand jury indicted Silver on the various charges. An indictment provides the common pleas court with proper jurisdiction on all the charges regardless of the existence or sufficiency of a complaint. *State v. Quinnie*,

8th Dist. Cuyahoga No. 105104, 2017-Ohio-2663, and *State ex rel. Elder v. Matia*, 8th Dist. Cuyahoga No. 101195, 2014-Ohio-3598.

{¶ 7} A plea of guilty waives all appealable errors that may have occurred during the trial unless such error precluded the defendant from knowingly and voluntarily entering his guilty plea. *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). Specifically, a guilty plea operates as a waiver of any claimed errors regarding suppression issues. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-6154. A guilty plea waives any alleged defects in the indictment. *State v. Szidik*, 8th Dist. Cuyahoga No. 95644, 2011-Ohio-4093.

{¶ 8} Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is a sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420; and *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378 — the defect may not be cured by subsequent filings. Nor was the poverty affidavit properly notarized. *Chari v. Vore*, 91 Ohio St.3d 323, 744 N.E.2d 763 (2001).

{¶ 9} Accordingly, this court sua sponte dismisses the petition for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all

parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Petition dismissed.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR