[Cite as *State v. Orenich*, 2025-Ohio-1367.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                 No. 114242

    v.                                        :

ANTHONY ORENICH,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 17, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689266-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Stechschulte, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Anthony Orenich ("appellant") appeals the imposition of a lifetime driver's license suspension following his conviction for

failure to comply with an order of signal of a police officer ("failure to comply"). For the reasons that follow, we affirm.

{¶ 2} In 2024, appellant was charged with one count of failure to comply stemming from a high-speed police chase, in violation of R.C. 2921.331(B), a felony of the third-degree. The single count alleged that appellant operated a motor vehicle and willfully eluded or fled police after receiving a visible or audible signal from a police officer to stop his vehicle and that he caused a substantial risk of serious physical harm to persons or property.

{¶ 3} On July 11, 2024, appellant appeared for his plea hearing. The State informed the court that there was an agreed sentence of nine months in prison with no chance of early release. The State further informed the court appellant would incur a class one lifetime driver's license suspension because he had a previous conviction for failure to comply. Defense counsel stated that he was not aware of the lifetime suspension. The court ordered a brief recess, after which defense counsel stated that appellant wanted to proceed with his guilty plea:

> Your Honor, respectively I have looked at the [Ohio Revised Code] and I checked my client's record. He does have a prior back in 2008 for a failure to comply, and the code does indicate that on a second violation of this that his license is suspended for . . . life . . . I talked to my client. I said this is reality, and he understands and wants to continue forward with the plea.

{¶ 4} The court asked appellant directly if he still wished to plead guilty and appellant confirmed that he both understood the lifetime suspension and that he wanted to proceed with a guilty plea.

{¶ 5} The matter proceeded to sentencing. The State reiterated that this was appellant's second conviction for failure to comply. The trial court noted that appellant was currently on community-control sanctions in three cases, imposed the agreed-upon nine-month prison sentence, and imposed a class one lifetime suspension of appellant's driver's license.

{¶ 6} Appellant filed a motion for leave to file a delayed notice of appeal, which this court granted. On appeal, appellant raises one assignment of error for our review:

> The lifetime driver's license suspension violates [appellant's] rights under the Fifth and Sixth Amendments of the U.S. Constitution and R.C. 2945.75 because its predicate was not pleaded in his indictment, admitted to by him, or specifically found by the trial court.

{¶ 7} In his sole assignment of error, appellant contends that the trial court erred in imposing a lifetime suspension of his driver's license because his prior conviction was not included in the indictment, admitted to by him, or specifically found by the trial court pursuant to R.C. 2945.75.

{¶ 8} Appellant did not object to the suspension of his driver's license at the trial-court level; therefore, he has waived all but plain error. Under Crim.R. 52(B), plain errors are any "errors or defects affecting substantial rights [and] may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. To prevail

on a claim of plain error, it must be shown "that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *State v. Buttery*, 2020-Ohio-2998, ¶ 7, citing *State v. Quarterman*, 2014-Ohio-4034.

{¶ 9} R.C. 2921.331(E) provides: "In addition to any other sanction imposed for a violation of division (B) of this section . . . [i]f the offender previously has been found guilty of an offense under this section . . . the court shall impose a class one suspension . . . ." R.C. 4510.02(a)(1) additionally provides that a class one suspension is for a "definite period for the life of the person subject to the suspension."

{¶ 10} R.C. 2945.75(B)(1), which appellant claims the trial court erred in failing to follow, provides, in pertinent part that "[w]henever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction." R.C. 2945.75 is not applicable here because the State was not required to prove appellant's prior conviction in order to satisfy the elements of the crime charged. Appellant's prior conviction for failure to comply was a sentencing enhancement, not an element of the failure-to-comply offense in his current case.

{¶ 11} The suspension of a defendant's driver's license is part of "the maximum penalty involved" in entering a guilty plea, which the court must ensure

the defendant understands under Crim.R. 11(C)(2)(a).  *State v. Johnson*, 2025-Ohio-149, ¶ 35.  Here, appellant does not challenge compliance with Crim.R. 11(C); appellant contends that the imposition of the sentence violated his constitutional rights.

{¶ 12} In *State v. Plozay*, 2023-Ohio-4128 (8th Dist.), the appellant was convicted of failure to comply, and it was his second offense.  Appellant's previous failure to comply conviction was not mentioned in the indictment nor was a journalized entry of the prior conviction submitted to the trial court.  During the plea hearing, the State raised the issue of the lifetime suspension, and the court directed the parties to research whether appellant's prior conviction would generate a lifetime suspension prior to the sentencing hearing.  The court then informed appellant that he was facing *either* a possible penalty of three years to lifetime suspension or a mandatory lifetime suspension even though the parties had not yet confirmed the length or nature of the suspension.  The appellant chose to proceed with the guilty plea, and, at sentencing, the trial court imposed the mandatory lifetime suspension.

{¶ 13} Appellant appealed, and appellate counsel filed an *Anders*[1] brief and a motion to withdraw, stating that there were no meritorious issues to appeal.  *Id.* at ¶ 2.  In the brief accompanying counsel's motion to withdraw, appellate counsel identified potential assignments of error, including the imposition of the lifetime

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

suspension. This court analyzed the potential of the assigned error and found it had no merit; because it was appellant's second failure to comply conviction, the lifetime driver's license suspension was mandatory. *Id.* at ¶ 15 – 16.

{¶ 14} Appellant cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), extensively for the proposition that the trial court's imposition of the lifetime suspension violated his constitutional right to due process.

> In A*pprendi*, the United States Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The court held that the Fourteenth Amendment demanded no less of state statutes.
>
> The United States Supreme Court expanded *Apprendi's* holding [in *Alleyne v. United States*, 570 U.S. 99 (2013)] and held that facts increasing a mandatory minimum sentence must also be submitted to a jury and found beyond a reasonable doubt.

(Citations omitted.) *State v. Hand*, 2016-Ohio-5504, ¶ 21-22, citing *Apprendi* and *Alleyne* at ¶ 115-116.

{¶ 15} The prior failure-to-comply conviction in this case did not increase the penalty for appellant's current conviction beyond the prescribed statutory maximum nor did it increase a mandatory minimum sentence. Moreover, in *Hand*, the Ohio Supreme Court noted that *Apprendi* "specifically excluded prior convictions from its general rule that sentence enhancements could not be premised on facts not determined by a jury . . . ." *Hand* at ¶ 21, 23, and 26. While under *Apprendi* a fact cannot be used to increase the penalty for a crime beyond the prescribed statutory maximum unless it is submitted to a jury and proved

beyond a reasonable doubt or is admitted to by the defendant, prior convictions are the one exception to that rule; prior convictions are treated differently because "unlike virtually any other consideration used to enlarge the possible penalty for an offense, . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Hand* at ¶ 31, citing *Jones v. United States*, 526 U.S. 227 (1999). "Thus, at the heart of *Apprendi's* narrow exception is the concept that the prior conviction was the result of a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt." *Hand* at *id.*

{¶ 16} In *State v. Caldwell*, 2018-Ohio-3370 (8th Dist.), this court recognized that when a prior conviction enhances the punishment for committing a subsequent crime but does not raise the degree of the offense, the prior conviction does not have to be included in the indictment because it is not an essential element of the subsequent crime.

{¶ 17} In *Caldwell*, the appellant pleaded guilty to several felony offenses, including second-degree burglary. Appellant had a prior conviction for robbery. As part of the plea agreement, the parties agreed on a recommended sentence of five years in prison. During the plea colloquy, the State asserted that, given the appellant's prior conviction, his sentence would be a mandatory two years in prison, instead of a presumption of prison time. On appeal, the appellant argued that the trial court erred in imposing a two-year mandatory sentence because the indictment did not include notice of his prior conviction that enhanced his sentence

to mandatory prison time. This court disagreed, finding that a defendant need not be put on notice of a prior conviction when the prior conviction is not an element of the charged offense but is relevant only as an enhancement of the penalty or sentence. *Id.* at ¶ 23. This court additionally noted that, even if notice were required, the appellant agreed to plead guilty to the crimes for which the trial court sentenced him and affirmed at his plea hearing that he possessed a prior conviction. *Id.* at ¶ 25-27.

{¶ 18} Here, the State was not required to provide appellant notice of his prior conviction because the prior conviction is only relevant as a sentencing enhancement; it is not an element of the offense charged under R.C. 2921.331. The prior conviction served only to enhance appellant's punishment; it did not elevate the degree of the offense. Defense counsel conceded that appellant had a qualifying prior conviction, and appellant chose to plead guilty knowing that he was facing a mandatory lifetime suspension.

{¶ 19} Additionally, even if we were to find that the indictment was somehow defective as appellant argues, this court has held that "[a] guilty plea waives any alleged defects in the indictment." *Silver v. State*, 2022-Ohio-1848, ¶ 7 (8th Dist.), citing *State v. Szidik*, 2011-Ohio-4093 (8th Dist.). Thus, by pleading guilty, appellant waived any defect in the indictment.

{¶ 20} Finally, we note that even if the trial court erred in imposing the lifetime suspension absent it being pled in the indictment, appellant has not shown that but for the error the outcome of the proceeding would have been different, i.e.,

that he would not have entered into the plea. According to appellant, once he accepted the State's plea deal, negotiations ceased and when he discovered he was subject to a mandatory lifetime suspension, he no longer had the option to work out a different plea. Appellant contends that had he known about the mandatory lifetime suspension prior to the plea hearing, he would have "worked the case out differently — in order to avoid the suspension." There is nothing in the record to support this contention. The record does reflect, however, that the State provided defense counsel with a copy of appellant's criminal record in discovery. Then, at the plea hearing, once the State mentioned the mandatory lifetime suspension, the court allowed appellant the opportunity to consult with his attorney to decide if he wanted to continue with his plea. Appellant chose to proceed with his guilty plea and told the court he understood he was facing a mandatory lifetime suspension of his driver's license.

{¶ 21} Considering the above, we find no error, plain or otherwise, in the court's imposition of a lifetime driver's license suspension.

{¶ 22} The sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR